■ HARRY WINSTON, INC., Respondent, v ESKANDAR ARYEH, Appellant.— Order, Supreme Court, New York County, entered May 15, 1980, which directs the defendant-appellant to put certain jewelry in a bank vault under

joint control with plaintiff-respondent, reversed to the extent appealed from, on the law and the facts, without costs. This lawsuit arises out of a transaction in Geneva, Switzerland, between the defendant and Harry Winston, S. A., a Swiss corporation distinct from the plaintiff, a New York corporation. The defendant purchased four sets of earrings for a total purchase price in a very large sum, giving in exchange an undated writing on the check form of a Swiss bank. In contention is the question of whether this instrument was for immediate payment or only a memorandum of sale. The plaintiff, contending it was the equitable owner of the instrument, commenced this action pursuant to CPLR 3213 and moved for an order of attachment. The motion as to attachment was denied as "moot" in view of the court's determination providing for joint control pending the outcome of the legal proceedings. The defendant had represented in writing that he would not remove the jewelry from the jurisdiction. Special Term stated that "The court accepts this commitment *with the additional proviso* that the four sets of earrings purchased by the defendant in Geneva, Switzerland, in December 1978 from Harry Winston, S.A. be placed in a separate bank vault under the joint control of both parties within 20 days after entry of the order to be settled hereon, pending the final outcome of legal proceedings between the parties." (Emphasis added.) Defendant-appellant argues on this appeal that his agreement to keep the jewelry within the jurisdiction of the court was a representation by which he should be bound, and his counsel on this appeal further concedes that a breach thereof would subject the defendant-appellant to contempt proceedings. However, the defendant argues that accepting the jurisdictional restriction did not include a commitment for joint control or placing the jewelry in a form of escrow where it could not be worn without permission of the plaintiff, and we agree. In view of the fact that the motion for an attachment was dismissed as moot, this determination is without prejudice to the plaintiff-respondent to take whatever action on that score it deems advisable. Further, we do not reach the question as to whether this plaintiff is the proper party in interest. Concur —Kupferman, J. P., Birns, Fein, Lupiano and Carro, JJ.